Consolidated cases 19-3730 United States of America v. Ronqueize Head and 19-3731 United States of America v. Seronte Newby. Arguments not to exceed 10 minutes for each defendant, 20 minutes for the plaintiff. Mr. Kidd, you may proceed for the appellant. Thank you. Your honors, my name is Thomas Kidd. I do represent the co-appellant, Ronqueize Head. I would request three minutes for rebuttal. I'm here today asking on behalf of Mr. Head that this court vacate his sentence, which found that the United States sentencing guideline 2K2.1 subsection B6B applied to him and thus manned his case back to the Southern District of Ohio for resentencing. The three points I'd like to specifically address follow. First, this court's precedent, precedent found in U.S. v. Sanders and U.S. v. McDonald, authored by Judge Gilman, is still binding. Not only is it still binding, it survived 14 years subsequent to the application note, and it is the correct interpretation of the guideline regarding what constitutes another felony offense. Second, the application note 14B should not be given effect as the guideline does not support the interpretation or this interpretation, and it is judges that decide what the words mean in the guidelines and not the sentencing commission. Finally, if this panel does disagree in regard to the applicability of the note, in this situation, in Mr. Head's situation, we would argue that the application of the guideline here resulted in impermissible double counting and thus punishes him for precisely the same conduct. Let me ask you this, Mr. Kidder, haven't three other circuits already decided that the note is consistent with the sentencing guideline? Your Honor, and again, I appreciate that question because indeed you did author I think the last Sixth Circuit opinion on this pre-note. It is a difficult aspect of the case. I cannot hide that, but what I would say is that they can still be wrong, that that note does not actually bear the weight that it's that it tries to bear. In other words, while it might not, what we would say is that it is inconsistent still with the sentencing guideline of what constitutes, again, I emphasize another felony offense, but yes, you are correct. But you got three circuits against you and I gather you have no circuit that you can cite that's favorable. Is that correct? That is correct, Your Honor. I don't know how many circuits, obviously before the note, there was a circuit split. It's like three to three. The note has intervened during that time period and to date the Sixth Circuit, of course, has not weighed in on whether or not the application note does supersede its prior precedent. But yes, every other court that has addressed the issue as to whether it's consistent with the guidelines has found that it is consistent. This court doesn't need to do that. I'm curious whether if we were going to apply Sanders and McDonald, would we not uphold the application of the sentencing guideline anyway to your client? Your Honor, I think what your question is getting at is whether or not the marks gun offense conduct, which is the Kentucky theft of firearms or the Kentucky burglary, which is not indicted, but it is part of the conspiracy and it is alleged as part of the conspiracy. If you look at the indictment, and of course, my client pled to all counts of the indictment. So in pleading to the conspiracy count, the offense conduct includes a theft of marks guns. So what we would say is that that still is included in the felony offense and thus does not constitute another felony offense. Well, aren't there several felony offenses? So there's your honor in regard to conspiracy, but there's also the felony offense of the of the other matters. Your Honor, there are five counts of the indictment that is correct. All pled to one was conspiracy to a firearms, uh, that from a firearms licensee. And that includes the three thefts from two, two of the three that's were in Ohio and are indicted. The third is the one that the government wishes to utilize as the another felony offense. And it was a Kentucky theft. And that is, while it's not included in the indictment as a count, it is included in the offense conduct of count one of the indictment. Then of course, my client also to possessing stolen firearms. And in addition to that, being a felon in possession, your honor in, in looking at the application note, and indeed, I think that's where I would need to focus in order to convince you that that is not applicable. Yeah. I would say that the recent line of cases, uh, that we have seen coming from Havis, you know, do provide a strong opportunity for this court to say that it is the judges who decide what the guidelines mean and not the sentencing commission. Specifically, um, in Havis one, Judge LaPar's concurrence, he reminds us that the fact that the sentencing commission includes thoughtful and respected lawyers, scholars, and judges does not change the court's obligation to exercise its independent judgment when determining what a law or regulation means. Havis two goes on to say that the commentary serves only to interpret the guidelines text, not to replace it or modify it. Commentary binds courts only if the guidelines which the commentary interprets will bear the construction. Thus, we will not accept an instruction as plainly erroneous or inconsistent with the corresponding guideline. And while Havis addressed the addition of an offense or an addition of a word, what we would argue here is that, um, the application note basically deletes a word, the word another. Yeah. And this court had interpreted that word another as not being and we would ask that this court continue to do so. Thank you. Thank you. Yes. May it please the court. Katie stuff is here on behalf of, uh, Mr. Sorante newbie. And I am reserving three minutes for rebuttal. Um, I would like to touch also on the fact that, um, as it is a significant case for this panel to pay attention to and to look at, um, because I think gives some guidance on where this circuit or where this panel might go, um, in interpreting whether, uh, the comment 14 B is supported, uh, by the language of the actual sentencing guideline. I think that we can look at that case. Um, in that situation, the defendant, uh, stole two pistols from a police office or a police station where he was doing community service. It was based on the fact of those two pistols that he was then charged with being a felon in possession. There was no separate and distinct felony offense that, um, would have justified the four point enhancement and the kill board panel, uh, found that in fact, it was not appropriate to apply that four point enhancement. Um, and they specifically pointed out the fact that, um, the four that despite the fact that the commentary to the guidelines had changed over time, the impact of the actual wording of the guidelines had not. And so I think that that's significant to point out that sixth circuit precedent would support a conclusion that the commentary in section 14 B is not actually inconsistent with the sentencing guidelines. Your honors. Furthermore, um, in regards to the, uh, the theft from the Kentucky gun shop, I think this panel needs to needs to remember that the indictment, uh, the, as Mr. Kidd had pointed out, the indictment includes, uh, all three of these offenses as part of the conspiracy that was engaged in by the defendants here. Uh, what happened was that the indictment specifically alleged that between the dates of July 2nd, 2017 and July 16th in 2017, the two gentlemen involved here, their brothers, um, had stolen a total of 74 firearms in three separate gun stores. I'm not sure how it makes sense to say that there's a distinct, a separate felony that these firearms would were involved in. That is not the case. None of the firearms that were used to break into and steal the firearms from Kentucky. Um, and none of those firearms that were stolen in Kentucky were then used on July 16th to steal anything from the store in Ohio. Um, this is all part of a, the same nucleus of operative that you have that that was cited in the appellee's brief. Your honors. Um, there's nothing separate and distinct to say that has done, has been done. Um, the Kilgore court, uh, cites to several cases, um, and, and, and makes a point that we can't say that the theft of a firearm, um, and having a person in possession of that, um, could lead to some, could lead to dangerous behavior or another felony down the road, some prospective felony. Um, what we have to do is base it on what the facts are at the time that these crimes are alleged. Um, you're always going to have the possibility that something bad or some felony behavior is going to be done with these firearms. Nothing's going to change that. Um, but we have to focus on what actually happened in this, in this case. Um, and I, I do not believe that there's anything to suggest that the 14 B, um, is consistent with, with the, uh, the, the sentencing guidelines. Now, you also had raised the point you would ask Mr. Kidd about what the other three circuits had found. And your honors, I think that the cases that were cited by the appellee in their brief, um, one of them was United States versus Morris, which is a 10th circuit case. The other one was us versus Cromwide, which is a seventh circuit case. And I believe that there was also one out of the third circuit, which I think was Keller. Um, but I think that the important thing to note when I was reviewing those cases in preparation for today, United States versus Morris and United States versus Cromwide are distinguishable from the facts here. In those two cases, there was, um, for example, in Morris, the 10th circuit case, the defendants, um, had stolen firearms, but that wasn't the crime that he was charged with. The crime that he was charged with was being a felon in possession of a firearm because he had a prior felony offense. So there was a distinction there that the burglary that resulted in the theft of the firearm was actually a separate and distinct felony offense. And therefore the 10th circuit was justified in finding that in fact, the four point enhancement could apply. Those facts aren't the same as what we have here. We don't have, at least in regards to Mr. Newby, um, we don't have a situation where, for example, he was charged with being a felon in possession, you know, he was, he was charged with theft of the firearms and the conspiracy charge, and he pled guilty to those. Um, the same thing with Cromwide. I think that those, despite the fact that those two circuits used those factual circumstances to say that, look, in interpreting the facts here, we feel that 14B's interpretation is consistent with the sentencing guideline language. I don't think that this circuit has to follow that reasoning because of the facts underlying these offenses. A couple of last points that I would like to raise in regards to Mr. Newby's other arguments. The first, uh, is being that, um, it is our position that, uh, Mr. Newby's sentence was abuse of discretion. Um, when he was sentenced to the same exact time, uh, that his brother, uh, Mr. Head was sentenced to 108 months, uh, the trial court made a very good point on the record, um, that he, they felt that Mr. Newby was easily influenced, that he was not, um, as culpable as his brother was in these offenses, that his brother appeared to be the ringleader. Um, those are all significant factors, Your Honor. And for those reasons, we would ask for you to, uh, set aside Mr. Newby's sentence and remand the case back to the district court or to the trial court. Thank you. Thank you. Mr. Painter. Thank you, Judge. Rob Painter for the government. I'll touch briefly on application note 14b and its consistency with the guideline. A couple of points there as it relates to this court's prior precedent as well as the subsequent decisions of other circuits interpreting the consistency of that commentary provision with the actual guideline itself. With respect to Sanders and McDonald, those cases obviously were decided prior to the 2006 amendment and therefore could not have touched upon whether or not the commentary added by that amendment is in fact so inconsistent with the guideline provision itself as to set aside the sentencing commission's guidelines. With respect to the subsequent case law out of other courts of appeals, a number of those circuits, the government has identified the 3rd, 7th, and 10th as having expressly weighed in on whether application note 14b in the context of a burglary requires application of the four-level enhancement under 2k2.1b6b. In those contexts, Your Honors, the 3rd and 7th circuits had previously adopted at least a portion of the jurisprudence with respect to b6b had adopted the Sanders-McDonald construction requiring a distinction in time or substance between the two offenses in order to allow the enhancement to be triggered. Both of those courts having adopted the reasoning of this court in Sanders nonetheless indicated that once the amendment was promulgated and application note 14b was added to the guidelines, that interpretation as expressed in 14b was in fact consistent with the guidelines. And I would point specifically to the analysis of the 3rd circuit in Keller indicating that pre-2006, there was a circuit split obviously among the courts as to what b6b then b5 required in terms of another felony offense. The 5th circuit in the Armstead decision staked out the position that contemporaneous conduct giving rise to a state offense could be utilized to trigger the enhancement. Obviously, this court in Sanders and then subsequently in McDonald adopted a differing interpretation of the guidelines emphasizing the need for some kind of temporal distinction or substantive distinction between the two offenses. The Sentencing Commission adopted 14b to resolve that circuit split and as the 3rd circuit noted in its Keller decision weighing in on the binding nature of application note 14b, that ambiguity in the underlying guideline indicated that there was no inconsistency with the interpretation that the Sentencing Commission had staked out. And that interpretation obviously indicates that in the mind of the Sentencing Commission or the collective Sentencing Commission that the risk of violence engendered by possession of gun during a break-in or burglary warranted application of the enhancement even in a context where there was a total identity of facts between the offense of conviction and the underlying and the other felony offense that would trigger the enhancement. How would you distinguish Havis? Havis involved a decision guideline commentary that was completely at odds with the underlying guideline. In this case there is no fundamental inconsistency which is what is required under both Havis and the Supreme Court. There are two conditions under which a guideline remains, guideline commentary is binding on the courts notwithstanding prior decisions. First, obviously if that guideline commentary is illegal or contrary to the Constitution. There's no indication that's the case here. The second condition is that the guideline itself has to bear the interpretation of the commentary and that's out of the Havis decision as well as the prior Supreme Court precedent in Stinson. And so here the argument, Your Honor, is that the guideline itself does the construction. As the courts of appeals considering this question post-amendment have indicated, there is nothing in the guideline that indicates that contemporaneous conduct cannot give rise to the other felony offense. What's required, and the words do bear this construction, is that some other felony offense be chargeable. The guideline does not actually require a conviction, be chargeable, based on that conduct. And so that is a construction that the language of the guideline does bear and that's how Havis would be distinguished. Here there is no inconsistency between the commentary and the underlying guideline. And I would touch briefly on... a felon in possession of a firearm and could have been charged in Kentucky on state law burglary charges, then you're saying note 14b would apply and is not inconsistent with the underlying sentencing guideline. Is that right? Correct. One question that I had for your opponents, and I ask you now, can we apply the pre-existing Sixth Circuit cases to say that this four-point enhancement should be added? In other words, do we even need to get to the question of the applicability of note 14b? No, this court does not need to reach that question should it so desire. Under Sanders and McDonald, what's required is a distinction, a temporal or substantive distinction, between the two sets of conduct. And the reasoning of the court in those decisions, as your honors are aware, having participated in panels announcing or applying them, is to make sure that there is a separation between the felonies. Here, and I think it's important to draw a distinction factually between the current case and Sanders and McDonald, both of which involved single episodes of conduct. There was a total identity of fact. Someone broke into a gun store, stole guns. That conduct was the basis for the offense of conviction and the enhancement. It took place on a single night. In the present case, there is actually a spree, a series of separate break-ins showing a distinction in time between the episodes. Now, there is one overarching conspiracy count that formed the basis of count one, which indicates that this conduct was all related. It was part of one single course of conduct, but that doesn't change the fact that each episode was itself discrete. So count two of the indictment and count three, each substantively charged single thefts from two of the gun stores in Ohio, Peterson's and Peabody, beginning July 2nd, ending, I believe, July 16th. Taking the Marks gun store burglary from Kentucky, that offense could serve as a discrete other felony vis-a-vis either count two or count three. So the court could apply Sanders and McDonald here to find that the enhancement does in fact apply because that temporal distinction is present here. Why does the conspiracy charge not affect your argument? Well, first of all, there's a grouping of counts here, Your Honor. So the court, in calculating the guidelines, the PSR utilized count one of the indictment, but each of the three theft counts, the conspiracy and the two theft counts, trigger the guideline applied to determine the offense level for each of those counts was 2k2.1. So if the court were to engage in the exercise of saying, well, each of these offenses gives rise to the same base offense level, let's take count two as the lead count. There you have a discrete in time offensive conviction, and then looking to the relevant conduct under 1B1.3a, you then have a course of subsequent conduct involved in the spree, and you can take the July 8th burglary of Marks gun store and utilize that as another felony offense to trigger the indictment. Now, if the court were not inclined necessarily to take count two, I would think that even utilizing count one as the offensive conviction, there has to be some allowance for the fact that the charged discrete underlying offenses, which were the overt acts in the conspiracy, are themselves spread out over time. So while the count does technically encompass each of these acts, the concern of using one simple instance in time to enhance itself falls away even when there's a conspiracy that involves discrete overt acts. Let me ask you another question. I think they're claiming also some double counting here, right? Between 6B and 4A, you know, of the 2K2.1B4A versus the B6B. Do you have any comment on that? Yes, Judge. I believe that the First Circuit has addressed this argument recently. So with respect to double counting, obviously double counting while held out as a bugaboo is permissible if it's specifically contemplated in the guidelines. So the first, the top level argument would be application note 14B clearly contemplates that this enhancement would apply in circumstances like this, but the court need not even reach that The two enhancements I think that are highlighted here apply to discrete aspects of the conduct and therefore do not punish the same thing twice. So the first enhancement, the two-level enhancement for possession of a stolen firearm, does not itself punish the act of breaking in and possessing a firearm in connection with another felony offense that could facilitate that offense or increase the risk of violence. In other words, any individual who possesses a stolen gun, say an individual stopped on a street who is found to be a felon and possesses a gun that has moved in commerce and was stolen five years ago, that enhancement would apply in that case. And that is to discourage the movement of these stolen weapons. The enhancement, the four-point enhancement under B6B includes an additional punishment for the fact of possessing that gun in a context where the risk of violence, be it due to police intervention or the proprietor returning to a business or a homeowner coming back to a home, is elevated. So there is no double counting here with respect to those two enhancements because they punish discrete aspects. And then again, even if there were some double counting, there would be expressed contemplation of that double counting within the guidelines themselves. And to that point, would direct the decision... When you say express contemplation in the guidelines, how do you see that other than the fact that the two are just listed in the guidelines? Is there some indication, and you say express, I'm just curious where the express indication... You're correct, Your Honor. The indication is that both of these enhancements are listed, and it's plain from the face of these enhancements that breaking in and taking... I would say this, that in Application Note 14B, the Sentencing Commission clarifies that in the case of a burglary, you're going to get that enhancement if you break in and take guns during the course of the burglary, if you possess them, even if you do nothing with them. And so that commentary, coupled with the existence of B4A, would indicate that the Sentencing Commission had contemplated that. And I would just clarify, it's not braze, it is the break decision out of the First Circuit, the 904 F3rd decision. And the court there concluded that the concern addressed by B6B is unrelated to whether the weapon was stolen during the burglary or at any other point. That concern relates to possessing the gun during the burglary, creating the risk. And then B4A addresses the prior theft without regard to any risk that that gun might be used in furtherance of some other criminal act. So the First Circuit's analysis and break, I would urge this court to adopt with respect to the double counting aspect because it clarifies that there are two discrete risks that are entailed by those separate enhancements. But do we need to look at the commentary 14B in order to accept that point? In other words, I don't see it in B6B itself, in the language of B6B itself. Well, you don't need to actually look at the commentary because underneath B6B itself deals with possession in connection with another felony offense of any firearm, regardless of whether that firearm is stolen. So the court, rather the that's evident from the face of the guideline provision itself, possession in connection with another felony offense, meaning risk of further harm. Possession, mere possession of a stolen weapon is itself punishable under B4A with the two point enhancement. It does not require any other felony offense being committed. Literally, the individual could be seated in a car in a living room doing nothing other than possessing stolen gun. By contrast, B6B, which distinguishes itself from B4A, requires that another felony beyond the possession be taking place. So the burglary in this instance would be additional conduct that is not penalized by B4A, but that does in fact trigger B6B. It is a necessary predicate for B6B in this case, the other felony beyond the simple possession. So the court does not actually need to look to it. Does this apply equally to Mr. Newby? Yes. I'm curious to, by the way, the sentences were what, 108 months imprisonment for both? Yes, your honor. Now, is that was that above or below or within the guideline range? That represents a downward variance for both defendants, your honor. All right, so which would be hard to allege substantive unreasonable unless the enhancements don't apply. Then, of course, the range would be much lower, right? That's correct. In order to set aside either of these sentences on substantive unreasonableness grounds, and I think only appellant Newby is making a substantive unreasonableness argument, the court would need to find that the 3553A factors necessitate an even lower sentence given the downward variance imposed by the district court. And in this case, that downward variance was warranted and appropriately calibrated given that Mr. Newby had in his prior criminal history a crime of violence that Mr. Head did not have. So the court balanced in imposing 108 month sentences on each defendant the fact that although Mr. Newby may have been more prone to the offense in or predisposed to the offense in the district court's terms, he nonetheless had a prior felony that increased his base offense level under 2K2.1. So with that prior crime of violence on his record, the court determined that the downward variance to 108 months was appropriate. And unless the panel has any further questions, to Judge Moore's point, the arguments on the double counting would apply to, I do think, both individuals. Mr. Newby was not charged with substantive possession offenses. He was charged only with the two theft counts as well as the but I think that the rationale for imposing both the B4A and the B6B enhancements applies equally to him given that as part of the theft, he necessarily possessed the weapons which were stolen triggering the B4A enhancement. And in addition to that, by possessing them during the commission of a burglary, the B6B enhancement, which requires separate and distinct additional conduct, also would apply. Any further questions? Sorry to leave my voice here. I have none. I have none either. Thank you. Mr. Kidd, I thank you, everybody. Thank you, your honors. Again, I would like to point out just briefly that not only are the firearms that were taken from Marks included in regard to being stolen firearms, but they're also in B1C, they're actually counted to make up the six-point enhancement for the total number of firearms possessed. So again, there is multiple layers of potential double counting here when we look at including the Marks firearm burglary in Kentucky in this situation. The court, again, addressed the issue of the conspiracy to the government's counsel, and why shouldn't that matter? And we would say, indeed, it does matter very much. The conspiracy count entails, by choice, by the request of the grand jury to do so, to put everything into that conspiracy count. If we were to look at one of the counts two or count three or four or five, or that matter, without count one, we would be looking at a very different offense level. Count two and count three would not include all the firearms that are accounted to my client and Mr. Newby, the 74, if we were just looking at count two or count three. So when the government says that this would constitute another felony offense, even with pre-application note precedent, we would disagree. This, we have a felony conspiracy charged, and then we have the government trying to utilize another felony being that which is already counted, which is already included in this. Your honors, again, I know the fact that other circuits have weighed in, does make this a challenge. I would say that I believe in Mountain Keller, but I believe in, and I don't have right here, another of the circuits that did address this issue, they were reviewing it on a plein air standard. This is not the standard that the court has in front of it. This was well-preserved at the trial court. It's well before you right now. Again, I would simply remind the court that it is you, or the judges who make this decision as to what the guidelines mean. It is not the sentencing commission. And in looking at that and in reviewing that, I would encourage you to maintain the correct precedent, the correct interpretation that the sixth circuit precedent allows. Make another felony offense be another felony offense. On behalf of my client, again, I would ask that you uphold sixth circuit precedent, that you reverse the trial court and remand for resentencing. Thank you. Thank you. Ms. Jeffries? Yes, I would like to touch a little bit on the distinction or the point that was raised to Mr. Painter on the distinction between B6B and B4A and whether that includes necessarily a double counting here. And our position is that it does. It does constitute double counting in this fact set. And I think that we can look to the actual language of, again, the U.S. versus Kilgore opinion, which is a sixth circuit opinion that was decided in 2014, far after the 2006 14B commentary was added. And specifically, that panel quoted quotes saying, raising the punishment substantially with an additional four-level enhancement violates the language of the guideline itself, engages in double counting, and appears to subject Kilgore twice to punishment for the same offense. That appears on page 464 of that opinion. I think we need to keep that in mind here. The indictment, you can read through that, that's been well established by both defendants here, that all three of these burglaries and the theft of these firearms from these three stores has been considered and already weighed and factored in in calculating the sentencing guidelines before we even get to the four-level enhancement under Basic B. As Mr. Kidd pointed out in his rebuttal, that first of all, those guns were included in calculating the total number of firearms that were stolen. Secondly, to address Mr. Painter's point that, look, B4A is punishing the possession of stolen firearms. That's what we have here, the possession of the stolen firearms from these three stores. That's been assessed a two-level enhancement there. And then to then come down to say that, okay, well, the possession of these firearms, even though they weren't used in any separate distinct felony offenses, we need to add another four-point enhancement based on what the 14B language says. I think that the only interpretation that can be given here is that that is completely inconsistent with what the actual language of the sentencing guidelines is. And it does lead to double counting. This is not a situation where these firearms were in fact used to commit another felony offense. As Kilgore points out on page 464 and 65 of that opinion, you cannot use base the four-level enhancement under B6B on what could be done with the firearms. That possibility is always true of any felon in possession of a firearm. We're always going to have the fact that you have a gun store that's being broken into and firearms are stolen. You're always going to have the threat that there could be another felony that's committed with those firearms. But that was not the case here. They were not charged with separate distinct felony offenses. And for those reasons, Your Honor, we would ask that the sentences be vacated and the case remanded for further findings consistent with this court's opinion. Thank you. Thank you all for your argument and the case will be submitted.